IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| COLLEEN HEAD, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO.: |
| ) | |
| v. ) | NO. 2:18-CV-00010-RWS |
| ) | |
| BARROW COUNTY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

# EXHIBIT "A"

# SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE OF ALL CLAIMS
[See attached]

## SETTLEMENT AGREEMENT AND
## FULL AND FINAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Full and Final Release ("Agreement") is made and entered into by and between the following Parties:

    **COLLEEN MARIE HEAD** (hereinafter "Releasor") an adult individual, for herself, her dependents, heirs, executors, administrators, personal representatives, beneficiaries and assigns;

    and

    **BARROW COUNTY, GEORGIA**, (hereinafter the "County" or "the Defendant").

As used herein, the term "Releasees" shall be defined as the County and all of its divisions, departments (including, for the purposes of this Agreement, the Barrow County Animal Control Department), offices, affiliates, officers (including Constitutional officers), elected and appointed persons, officials, employees, servants, agents, insurers, and attorneys, in their official and individual capacities, together with their predecessors, successors, and assigns, both jointly and severally.

Releasor and the Defendant make and enter into this Agreement because each wishes to fully and finally resolve and settle each and every difference between them, including, but not limited to, any and all claims arising out of Releasor's position as animal control officer for the Barrow County Animal Control Department, with the exception of the claims specifically excepted from this release listed below. The claims being resolved and settled herein include, but are not limited to, those claims which were made or could have been made as part of Releasor's civil action, Case No. 2:18-CV-00010-RWS, which has been filed in the United States District Court for the Northern District of Georgia, Gainesville Division, for which claims the Defendant is alleged to be legally liable, which liability is hereby expressly denied. Notwithstanding the foregoing, the following claims are specifically excepted from this Release and reserved: Releasor's pending claims in that certain proceeding before the State Board of Workers' Compensation, State of Georgia, styled as <u>Colleen Head, Claimant, v. Barrow County Board of Commissioners, Employer/Self-Insurer, and Association of County Commissioners of Georgia, Third-Party Administrator</u>, Board No. 2016-028889, Date of Accident: May 6, 2016 (the "Workers' Compensation Claims").

Whereas the Parties wish to resolve this matter and avoid the disruption and expense of litigation, now therefore and in consideration of the mutual covenants and promises contained herein, the parties hereto agree as follows:

**I.**    **Commitments and Representations of the Parties**

    A.    Within fourteen (14) calendar days of the full execution of this Agreement, Barrow County shall pay to Releasor as follows:

        1.    One check in the amount of $5,397.96 for unpaid wages/overtime less applicable taxes and withholdings, made payable to COLLEEN HEAD. An IRS Form W-2 will be issued to COLLEEN HEAD in connection with this payment;

        2.    One check in the amount of $5,397.96 for liquidated damages, pre-judgment interest, and all non-wage related damages as claimed in Plaintiff's Complaint,

    made payable to COLLEEN HEAD. No taxes and/or withholdings will be deducted from said amount. An IRS Form 1099 will be issued to COLLEEN HEAD in connection with this payment; and

  3. One check in the amount of $8,289.50 for attorney's fees and costs of litigation made payable to HILL, KERTSCHER & WHARTON, LLP. No taxes and/or withholdings will be deducted from said amount. An IRS Form 1099 will be issued to HILL, KERTSCHER & WHARTON, LLP in connection with this payment.

B. Immediately upon the full execution of this Agreement, the Parties, by and through their counsel, shall file in the above-referenced court action a Joint Motion to Approve Settlement Agreement and for Entry of Order of Dismissal With Prejudice, which shall include all claims which were made or could have been made.

In the event that the Court denies the Joint Motion to Approve Settlement Agreement and for Entry of Order of Dismissal With Prejudice, for any reason, the Parties hereby agree that this Agreement will, in effect, have been rescinded by the Court's denial of the Joint Motion, and this Agreement shall thereupon be considered null and void, and the Parties shall not be bound in any manner by its content, with the following exception, which agreement and covenant shall remain in effect even in the event that the Court denies the Joint Motion to Approve Settlement Agreement and for Entry of Order of Dismissal With Prejudice, for any reason:

  In the event that the Court denies the Joint Motion to Approve Settlement Agreement and for Entry of Order of Dismissal With Prejudice, for any reason, and the above-described payments have already been made at the time the order of denial is entered by the Court, the Releasor and her counsel hereby agree to return the full amount of said payments, within fourteen (14) calendar days, to the Defendant's designated agent for this purpose, Kenneth P. Robin, Attorney at Law, Jarrard & Davis, LLP, 222 Webb Street, Cumming, Georgia, 30040. If any action for collection or enforcement of any amounts due under this agreement, including interest owed, is instituted, including but not limited to an action for unjust enrichment or for monies had and received, the prevailing party will be entitled to a reasonable attorney's fee and all costs.

C. Releasor represents, by her execution of this Agreement, that with the exception of the pending proceeding related to her Workers' Compensation Claims referenced above and a Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC") that was dismissed and closed by the EEOC on August 4, 2017, Case No. 2:18-CV-00010-RWS is the only claim, lawsuit, complaint and/or action she has brought in any forum related to her employment with Barrow County and that no other claims, demands, grievances, complaints, liens, or actions, have been filed by or regarding Releasor against the Defendant with any court, government or quasi-government agency.

## II. Time for Payments

Time is of the essence as to all payments due under this agreement. All late payments shall bear simple interest at 1.5% per month. If an action for collection or enforcement of any amounts due under this agreement, including interest owed is instituted, the prevailing party will be entitled to a

2

reasonable attorney's fee and all costs. It is expressly agreed that the Releasor, at her option and without notice, may void this agreement and reinstitute, refile, and/or continue the underlying case, Case No. 2:18-CV-00010-RWS against the Defendant if Defendant breaches this instant agreement and/or fails to make timely payments as specified above.

### III. Release

For and in consideration of the County's promise to provide such valuable consideration as outlined in the paragraph of this Agreement entitled "Commitments and Representations of the Parties," the complete sufficiency of which is acknowledged, and the other terms and conditions set forth in this Agreement, with the exception of the Workers' Compensation Claims referenced above that are excepted for and reserved, Releasor does hereby fully, finally and forever knowingly and voluntarily covenant not to sue and knowingly and voluntarily releases and forever discharges the Defendant and Releasees from any charges, claims, demands, actions, causes of action, suits, damages, losses, expenses and liabilities of every type and description whatsoever up to and including the present time, including without limitation all federal, state and local charges, claims, causes of action, whether constitutional, statutory, or common law, including, but not limited to those claims arising by reason of or in any way connected with:

A. Releasor's employment with Barrow County, including the Barrow County Animal Control Department;

B. The currently pending Case No. 2:18-CV-00010-RWS;

C. The unlawful acts of any kind arising under or in reliance upon any code, statute, or law (federal, state, or local);

D. The interference with rights under, retaliation for exercising rights under, or any other unlawful acts of any kind arising under or in reliance on the Family and Medical Leave Act;

E. The deprivation of rights under the United States and/or Georgia Constitution, including, but not limited to, the First and/or Fourteenth Amendments possessed by the Releasor individually or in a representative capacity;

F. The deprivation of civil, constitutional or equal rights under local, state or federal law including, but not limited to, 42 U.S.C. §§ 1981, 1983, 1985, and/or 1988; Title VII of the Civil Rights Act of 1964, as amended; the Civil Rights Act of 1991; the Americans with Disabilities Act ("ADA"); the Family and Medical Leave Act ("FMLA"); the Older Workers Benefit Protection Act; the Rehabilitation Act of 1973; the Fair Labor Standards Act ("FLSA"); or otherwise;

G. The deprivation and/or denial of procedural and substantive due process, equal protection, freedom of speech, freedom of association, a meaningful or adequate name clearing hearing, or a meaningful pre- or post-termination hearing;

H. Retaliatory or wrongful discharge, negligence, breach of policy and/or public policy, bad faith discharge, negligent discharge, intentional or negligent infliction of emotional or mental distress, invasion of privacy, outrageous conduct, negligent hiring or retention, inducement, fraud, false imprisonment, assault, assault and battery, false arrest, malicious prosecution, breach of duty, libel, slander and/or tortious and/or criminal conduct of any kind;

    I.    The interference with and/or breach of contract (express or implied, in fact or in law), detrimental reliance, breach of duty of good faith and fair dealing (express or implied) and/or breach of contract of any kind;

    J.    The interference with business relationships, contractual relations or employment relationships of any kind;

    K.    The loss of consortium;

    L.    Attorneys' fees, expenses or costs pursuant to 42 U.S.C. § 1988 or as otherwise may be allowed by federal, state or local law, including pursuant to any statute, contract or common-law claim;

    M.    Any and all other claims arising under law or equity; and

    N.    Any and all other claims asserted or which could have been asserted by the Releasor in any other charges or claims in alleged violation of any applicable law, rule, ordinance, regulation or order.

## IV. Release Includes Unknown Claims

Releasor understands and agrees that the Released Claims, as contemplated in the paragraph of this Agreement entitled "Release", are intended to and do include any and all claims of every nature and kind whatsoever (whether known, unknown, suspected, or unsuspected) which, as of the date of execution, Releasor has or may have against the Releasees and Defendant. Releasor further acknowledges that she may hereafter discover facts different from or in addition to those which she now knows or believes to be true with respect to the Released Claims and agrees that, in such event, this Agreement shall nevertheless be and remain effective in all respects, notwithstanding such different or additional facts or the discovery thereof. Releasor represents and acknowledges that she and/or her counsel have conducted whatever investigation was deemed necessary by her and/or her counsel to ascertain all facts and matters related to this Agreement, and that she is not relying in any way on any statement or representation by the Defendant or its attorney(s), except as expressly stated herein, in reaching her decision to enter into this Agreement.

## V. Family and Medical Leave Act and the Fair Labor Standards Act Representations

Releasor acknowledges and represents that she has, to date, received all leave required under the Family and Medical Leave Act of 1993, as amended ("FMLA"), and does not claim that the Defendant has violated or denied her rights under the FMLA. Releasor further acknowledges and represents that she has been and is currently properly classified under the Fair Labor Standards Act of 1938, as amended ("FLSA"), has been fully paid (including any overtime to which she was entitled, if any) for hours she worked for Barrow County, and does not claim that the County violated or denied her rights under the FLSA, with the sole exception of those claims that were made or could have been made as part of Releasor's civil action, Case No. 2:18-CV-00010-RWS.

## VI. No Admission of Liability

4

Releasor understands and agrees that this Agreement is a release of disputed claims and does not constitute an admission of liability on the part of the Defendant or Releasees as to any matters whatsoever.

### VII. Covenant Not To Sue

Releasor further understands and agrees and covenants that neither the Releasor, nor any other person, organization or other entity acting on the Releasor's behalf has sued or will sue or cause or permit suit against Releasees or Defendant upon any claim released herewith or to participate or aid in any way in any suit or proceeding or to execute, seek to impose, collect or recover upon or otherwise enforce or accept any judgment, decision, award, warranty or attachment upon any claim released herein. The Releasor further agrees and covenants to return to Barrow County, Georgia, within ten days of receipt any sums paid by any of the Releasees or Defendant to the Releasor, or collected on the Releasor's behalf, for conduct by any of the Releasees or Defendant against the Releasor for any claim released herein.

### VIII. Future Legal Actions

In the event that any Party to this Agreement commences an action, at law or in equity, to enforce any right under any provision of this Agreement or to compel compliance with any provision of this Agreement, the Parties covenant and agree that the prevailing Party in any such action shall be entitled to recover all reasonable attorneys' fees and costs incurred in connection with such action.

### IX. Non-denigration

The Parties agree that, with the exception of statements made in the ongoing Workers' Compensation Claims, they will refrain from making derogatory statements about the other, their policies and/or practices, and they will make every effort to avoid denigrating each other in any manner. While it is recognized that either Party may be required to testify or provide information in response to valid legal process, the Parties agree that they will not volunteer information about the other that is derogatory nor will they otherwise cooperate with or assist any person who is either contemplating or engaging in litigation with the other Party.

### X. No Assignment or Transfer of Released Claims

Releasor represents and warrants that as of the date Releasor executes the Agreement ("Effective Date"), Releasor has not assigned, transferred, or hypothecated, or purported to assign, transfer, or hypothecate, to any person, firm, corporation, association or entity whatsoever any of the Released Claims. Releasor hereby agrees to indemnify and hold harmless the Defendant against, without limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, expenses (including attorneys' fees), causes of action, and judgments based on, arising out of, relating to, or connected with any such transfer, assignment, or hypothecation, or purported transfer, assignment, or hypothecation.

### XI. Entire Agreement

The Parties hereto acknowledge and agree that this Agreement constitutes a full, final, and complete settlement of their differences and supersedes and replaces any and all other written or oral exchanges, agreements, understandings, arrangements, or negotiations between or among

them relating to the subject matter hereof, and affirmatively state that there are no other prior or contemporaneous agreements, exchanges, representations, arrangements, or understandings, written or oral, between or among them relating to the subject matter hereof other than that as set forth herein, and that this Agreement contains the sole and entire Agreement between them with respect to the subject matter hereof. The Parties hereto further acknowledge and agree that language proposed for, deleted from, or otherwise changed in the various drafts of this Agreement but not included herein shall not be considered in any way in the interpretation and application of this Agreement and shall not in any way affect the rights and obligations of the Parties hereto.

## XII. Modification

No provision of this Agreement may be changed, altered, modified, or waived except in writing signed by Releasor and a duly authorized representative of the County, which writing shall specifically reference this Agreement and the provision which the parties intend to waive or modify.

## XIII. Severability

In the event that any provision of this Agreement is held to be unenforceable, each and all of the other provisions of this Agreement shall remain in full force and effect.

## XIV. Applicable Law and Mutual Submission to Georgia Jurisdiction

This Agreement shall be construed and enforced according to the laws of the State of Georgia. Releasor agrees to submit any and all disputes arising out of or based on this Agreement to the jurisdiction of the Courts of the State of Georgia.

## XV. Understanding

Releasor understands that this Agreement shall be binding upon Releasor and the County and their respective dependents, heirs, executors, administrators, officers (including Constitutional officers), elected and appointed persons, officials, employees, shareholders, servants, agents, insurers, and attorneys and shall inure to the benefit of the County and Releasor and their respective dependents, heirs, executors, administrators, officers, directors, employees, agents, representatives, attorneys, predecessors, successors and assigns, whether present, past or future. Releasor acknowledges and represents that she has read this Agreement in full and, if desired with advice of her counsel, understands and voluntarily consents and agrees to each and every provision contained herein.

## XVI. Execution in Counterparts

This agreement may be executed simultaneously in counterparts each of which shall be deemed an original, but which collectively shall constitute one and the same instrument.

## XVII. Effective Date of Agreement

This Agreement is dated and made effective as of the date of Releasor's signature.

IN WITNESS WHEREOF, the undersigned have executed this Agreement on the date shown below.

**RELEASOR**

_Colleen Marie Head_        Date: 4-12-18
COLLEEN MARIE HEAD

Sworn to and subscribed before me this 12th day of April, 2018.
Notary Public _Rebecca Snyder_
My Commission Expires: 9-20-18

[Notary seal: REBECCA SNYDER, NOTARY PUBLIC, COBB COUNTY, GEORGIA]

[Signatures continued on page 8 of 8]


**THE DEFENDANT**

_____[signature]_____                    Date: 4/10/18
As Authorized Representative of the Board of
Commissioners for Barrow County, Georgia

Sworn to and subscribed before me this 10 day of April, 2018.
Notary Public Danielle Austin
My Commission Expires: 4/29/20

[Notary Seal: Danielle Austin, Notary Public, Barrow County, Georgia, Expires April 29, 2020]

8