IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| COLLEEN HEAD, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO.: |
| ) | |
| v. ) | NO. 2:18-CV-00010-RWS |
| ) | |
| BARROW COUNTY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER APPROVING SETTLEMENT AND DISMISSING CASE WITH PREJUDICE

This case involves claims under the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA"), for Defendant Barrow County's (the "County" or "Defendant") alleged failure to properly compensate Plaintiff Colleen Head ("Plaintiff") for overtime work as required by the FLSA during her former employment in the County's Animal Control Department as an animal control officer. This matter is before the Court upon the parties' Joint Motion for Approval of Settlement Agreement, and for Entry of Order of Dismissal With Prejudice, and Supporting Memorandum of Law (the "Joint Motion") for the approval of their compromise and settlement of this action.

The Court acknowledges that this Order is a judicial approval of a reasonable compromise, not a finding, conclusion, or reflection of any admission of a violation of the Fair Labor Standards Act, willful, intentional, or otherwise. The Court has reviewed the parties' Joint Motion and scrutinized for fairness the executed Settlement Agreement included as an exhibit thereto and incorporated therein. The Court is further aware of the allegations of Plaintiff's Complaint and Defendant's Answer including affirmative defenses filed of record in response. Based on the record and review and consideration of the parties' Joint Motion, the Court is of the opinion that there are *bona fide* disputes over application of the relevant provisions of the FLSA, specifically, disputes including entitlement to compensation for overtime compensation and whether there has been any willful violation of the FLSA. In light of these legitimate disputes, the Court is of the opinion that the parties' settlement reflects a fair and reasonable resolution of these *bona fide* disputes.

After review of the Joint Motion including the incorporated Settlement Agreement, the Court finds the Settlement Agreement is the product of arm's length bargaining between experienced counsel. This settlement enables the parties to avoid recognized and real litigation risks posed by their respective

positions. The provisions of the Settlement Agreement are fair, adequate, and reasonable. Plaintiff will receive an appropriate amount of wages owed. Plaintiff's attorneys' fees and expenses are reasonable but not excessive and will be reimbursed separate and apart from Plaintiff's individual wage payments.

Consequently, the Court ORDERS as follows:

1. The Court GRANTS the parties' Joint Motion.

2. The Court finds that the Settlement Agreement, as fully executed by the parties, and which is hereby fully incorporated herein, does provide a fair resolution to Plaintiff's claims, including those claims which have been brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et seq., and APPROVES the Settlement Agreement executed by the parties and incorporated herein by reference.

3. IT IS HEREBY ORDERED that the parties to the Settlement Agreement shall fully comply with the terms of the Settlement Agreement, including the distribution of the settlement proceeds consistent with the terms of the Settlement Agreement.

4. This case is hereby DISMISSED WITH PREJUDICE, with each party to bear its own expenses and attorney's fees subject to the terms of the Settlement Agreement.

5. This action is administratively closed.[1]

So ORDERED this the 13th day of April, 2018.

RICHARD W. STORY
United States District Court

Prepared and presented by:
JARRARD & DAVIS, LLP
Kenneth P. Robin
State Bar of Georgia No. 609798
Attorneys for Defendant
222 Webb Street
Cumming, Georgia 30040
(678) 455-7150 – main
(678) 455-7149 – fax
krobin@jarrard-davis.com
*Attorneys for Defendant*

---

[1] An administrative closure of an action does not affect the substantive rights of the parties to reopen the case over implementation and enforcement of the Settlement Agreement.

4